**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

IN RE:

STEPHANIE ANNE JOHNSON,                    Bankruptcy Case No. 24-51308-CAG

    *Debtor.*

———————————————————

STEPHANIE ANNE JOHNSON,

    *Appellant*,

v.                                                          Case No. 5:25-CV-01087-JKP

GENEVIEVE B. MCGARVEY,

    *Appellee.*


    **(Appeal from Final Judgment in**
    **Adversary Proceeding No. 24-05065-CAG)**

———————————————————


<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is Appellee Genevieve B. McGarvey's ("McGarvey") Motion to Dismiss Appeal for Want of Jurisdiction, (*ECF No. 2*). Appellant Stephanie Anne Johnson filed a Response, (*ECF No. 4*), to which McGarvey filed a Reply, (*ECF No. 6*). For the reasons stated, McGarvey's Motion to Dismiss Appeal for Want of Jurisdiction, (*ECF No. 2*), is granted.

**FACTUAL BACKGROUND**

The above-referenced adversary proceeding stems from the Chapter 7 bankruptcy case of Debtor/Defendant/Appellant Stephanie Anne Johnson ("Johnson"). *See* Case No. 24-51308; Adversary No. 24-05065.

In the adversary proceeding, Plaintiff/Appellee Genevieve B. McGarvey ("McGarvey") initiated her Complaint against Johnson for a determination of non-dischargeability of approximately $26,900 (the "debt"). *See* Adversary No. 24-05065, (*ECF No. 1*).

The debt is a result of McGarvey being appointed as an amicus attorney, to represent Johnson's granddaughter, in child-custody proceedings. *Id*. Following trial in the child-custody proceedings, the court awarded McGarvey approximately $26,900. *Id*. The debt is evidenced by a final judgment entitled "Order In Suit To Modify Parent-Child Relationship," signed on July 30, 2024, in Cause #14-FD-2773; *In the Interest of R.A.H., a Minor Child* in County Court at Law Number Two, Galveston County, Texas. *Id*.

**PROCEDURAL HISTORY**

On June 24, 2025, at the conclusion of a bench trial in the adversary proceeding, the Bankruptcy Court announced judgment in favor of McGarvey and that an order would follow. *See* Adversary No. 24-05065, (Min. Ent. on June 24, 2025). Subsequently, on July 8, 2025, McGarvey filed a Motion for Attorney's Fees and Costs. *See id.*, (*ECF No. 28*).

On July 9, 2025, the Bankruptcy Court issued its Final Judgment, *see id.*, (*ECF No. 29*), and on August 22, 2025, the Bankruptcy Court denied-in-part and granted-in-part McGarvey's Motion for Attorney's Fees and Costs, *id.*, (*ECF No. 33*).

On August 29, 2025, Johnson filed her Notice of Appeal, *id.*, (*ECF No. 33*).

On September 29, 2025, McGarvey filed the instant Motion to Dismiss Appeal for Want of Jurisdiction, (*ECF No. 2*). In the Motion, McGarvey claims that, pursuant to Federal Rule of Bankruptcy Procedure 8002, Johnson's Notice of Appeal was not timely filed.

## LEGAL STANDARD

"An appeal from a judgment, order, or decree of a bankruptcy court to a district court . . . may be taken only by filing a notice of appeal with the bankruptcy clerk within the time allowed by Rule 8002." Fed. R. Bank. P. 8003(a)(1).

Pursuant to Bankruptcy Rule 8002(a)(1), "a notice of appeal must be filed with the bankruptcy court within 14 days after entry of the judgment, order, or decree being appealed." *See* Fed. R. Bank. P. 8002(a)(1). Rule 8002 further provides that the bankruptcy judge may extend the time for filing a notice of appeal but that the request to extend the time to file must be made before the time for filing a notice of appeal has expired. Fed. R. Civ. P. 8002(d).

"The failure to file a timely notice of appeal in a bankruptcy case deprives both the district court and [the Fifth Circuit Court of Appeals] of jurisdiction." *Matter of Dorsey*, 870 F.3d 359, 362 (5th Cir. 2017), *cert. denied sub nom. Dorsey v. Dep't of Educ.*, 138 S. Ct. 1315 (2018); *see also* Fed. R. Bank. P. 8003(a). Thus, absent a timely filed notice of appeal, district courts do not have jurisdiction to consider appeals from bankruptcy courts. *See Dorsey v. U.S. Dep't of Educ.*, 870 F.3d 359, 362 (5th Cir. 2017).

As noted, on July 9, 2025, the Bankruptcy Court entered its Final Judgment, *see* Adversary No. 24-05065, (*ECF No. 29*). Thus, under Bankruptcy Rule 8002, the deadline for Johnson to file either a notice of appeal or a motion to extend the time to file a notice of appeal was July 24, 2025. *See* Fed. R. Bank. P. 8002(a), (d).

In this case, Johnson filed her Notice of Appeal on August 29, 2025, thirty-six (36) days after the deadline set forth in Bankruptcy Rule 8002, *see* Adversary No. 24-05065, (*ECF No. 33*), and Johnson sought no extension from the Bankruptcy Court. *See* Adversary No. 24-05065. Accordingly, Johnson's Notice of Appeal was not timely filed.

In her Response to McGarvey's Motion to Dismiss Appeal for Want of Jurisdiction, Johnson argues McGarvey's Motion for Attorney's Fees and Costs, filed July 8, 2025, *see id.*, (*ECF No. 28*), "was in fact a 'motion to . . . make additional findings under [Bankruptcy] Rule 7052' . . . which extended [Johnson's] time to [file a] notice of appeal until the [Bankruptcy] [C]ourt disposed of that motion on August 22, 2025." *ECF No. 4 at 2.*

Reviewing McGarvey's Motion for Attorney's Fees and Costs, it is clear she sought:

> [A]ttorney's fees and costs, incurred as an ancillary obligation, for the collection of her valid claim represented by the Judgment and the successful prosecution of the non-dischargeability lawsuit against [Johnson] in the [a]dversary [c]ase.

*See* Adversary No. 24-05065, (*ECF No. 28 at 6–7*). Notably, McGarvey brought her Motion for Attorney's Fees and Costs "pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and Rule 7054-1 of the Local Rules of Bankruptcy Procedure." *See id.*, (*ECF No. 28 at 1*). Both rules concern attorney's fees and costs. Nowhere does McGarvey request the court amend or make additional findings under Bankruptcy Rule 7052. *See id.*; *see also* Fed. R. Bank. P. 8002(b)(1)(A).

The Court notes if McGarvey was requesting the Bankruptcy Court to amend or make additional findings under Bankruptcy Rule 7052 she would have been required to do so "within 14 days after the judgment is entered." Fed. R. Bank. P. 7052. In this case, McGarvey filed her Motion for Attorney's Fees and Costs before the Final Judgment was entered. *See* Adversary No.

24-05065, (*ECF Nos. 28, 29*). The Court finds this further indicia McGarvey did not request the Court amend or make additional findings under Bankruptcy Rule 7052.

Finally, as McGarvey points out, motions addressing attorney's fees and costs, including those brought pursuant to Federal Rule of Civil Procedure 54, are considered collateral to the judgment and do not toll the time period for filing an appeal. *E.g.*, *Moody Nat. Bank of Galveston v. GE Life and Annuity Assur. Co.*, 383 F.3d 249, 250 (5th Cir. 2004).

## CONCLUSION

For the reasons stated, McGarvey's Motion to Dismiss Appeal for Want of Jurisdiction, (*ECF No. 2*), is granted. The Court Clerk is **DIRECTED** to dismiss this appeal for lack of jurisdiction.

It is so ORDERED.
SIGNED this 29th day of October, 2025.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE